UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

ADVANCE PRODUCTS, INC.,        )
                               )
        Plaintiff              )
                               )
    v.                         )   CIVIL NO. 2:11 cv 113
                               )
SFI OF TENNESSEE, LLC,         )
                               )
        Defendant              )

## OPINION AND ORDER

This matter is before the court on the Motion to Transfer Venue to the Western District of Tennessee [DE 14] filed by the defendant, SFI of Tennessee, LLC, on June 8, 2011. For the following reasons, the motion is **DENIED**.

## Background

This matter arises from a contract dispute between the plaintiff, Advance Products, Inc., and the defendant, SFI of Tennessee, LLC. SFI is a Tennessee limited liability company whose members are citizens of the State of Indiana. Advance Products is an Illinois corporation whose principal place of business is in Calumet City, Illinois. On July 1, 2002, Advance Products and SFI entered into a Manufacturer-Manufacturer's Agent Agreement whereby Advance Products was to serve as an independent sales representative for SFI's products to national accounts identified in the agreement. The contract contained a clause that allowed either party to cancel the contract with proper

notice subject to certain provisions. On December 16, 2010, SFI notified Advance Products that it was terminating the agreement because Advance Products did not perform as required under the agreement. SFI refused to compensate Advance Products for its outstanding commissions and indicated it would not comply with the termination provision requiring SFI to pay commissions on all accounts listed in the agreement for three years following the date of termination. Advance Products filed a complaint with this court, alleging breach of the parties' agreement. SFI now moves to transfer this matter to the Western District of Tennessee. The parties dispute which is the appropriate forum and where the material witnesses and evidence can be found.

SFI represents that the material events giving rise to this claim occurred in Tennessee. The receipt of orders from Advance Products' sales territory and payment for shipped orders, the evaluation of Advance Products' sales performance under the agreement, the accounting of and payment of Advance Products' commissions, and the decision to terminate Advance Products all occurred in Memphis, Tennessee. SFI further states that the majority of the evidence and witnesses are located in Tennessee, including the vice presidents of sales and operations who decided to terminate the agreement and the personnel who calculated and issued Advance Products' commission.

Advance Products responds that its two principals reside in the Northern District of Indiana and that its main office is less than one mile from the courthouse, albeit in Illinois. Other witnesses affiliated with Electro-Motive Diesel, the only account Advance Products serviced, are located in LaGrange, Illinois, which is within 100 miles of the courthouse and subject to the court's subpoena powers. SFI's former Vice President, Eddie Hollomon, was Advance Products' main contact and now resides in Rochester Hills, Michigan, and Jeff Brannon, a former SFI sales manager, also resides in Michigan. Both are within a four to five hour drive of Hammond, Indiana, and a 13 hour drive to Tennessee. Advance Products primarily operated in the Chicago, Illinois area through its service of the Electro-Motive account and in Indiana where Advance Products' corporate officers reside and SFI's managing members maintained offices. Documents relating to Advance Products' sales and relationship with Electro-Motive are located at Advance Products' Calumet City, Illinois location.

## Discussion

A party seeking to transfer venue pursuant to 28 U.S.C. §1404(a) must show that "(1) venue is proper in the transferor district, (2) venue and jurisdiction are proper in the transferee district, and (3) the transfer will serve the convenience of the

parties, the convenience of the witnesses, and the interest of justice." ***Vandeveld v. Christoph***, 877 F.Supp. 1160, 1167 (N.D. Ill. 1995); ***Allied Van Lines, Inc. v. Aaron Transfer and Storage, Inc.***, 200 F.Supp.2d 941, 946 (N.D. Ill. 2002) (stating that the "moving party bears the burden of establishing that the transferee court is the more convenient forum"). The court must consider public and private interests when assessing a motion to transfer venue. Generally, in considering the private interests, the court looks to "(1) plaintiff's choice of forum, (2) the situs of the material events, (3) the relative ease and access to sources of proof, (4) the convenience of the parties and (5) the convenience of the witnesses." ***First National Bank v. El Camino Resources, Ltd.***, 447 F.Supp.2d 902, 912 (N.D. Ill. 2006). *See also* ***DePuy Orthopaedics, Inc. v. Gault South Bay, Inc.***, 2007 WL 3407662, *8 (N.D. Ind. Nov. 13, 2007). The public interests that are relevant to an analysis under §1404(a) include the court's familiarity with applicable law, the efficiency with which the court may resolve the matter, and the desirability of resolving disputes in the region in which they arose. ***First National Bank***, 447 F.Supp.2d at 912; ***Travel Supreme, Inc. v. Nver Enterprises, Inc.***, 2007 WL 2962641, *10 (N.D. Ind. Oct. 5, 2007). It is within the court's discretion to weigh these factors. ***Allied Van Lines***, 200 F.Supp.2d at 946. The court considers these factors in a

"flexible and individualized analysis." ***Stewart Organization,Inc. v. Ricon Corp.***, 487 U.S. 22, 29, 108 S.Ct. 2239, 2244, 101 L.Ed.2d 22 (1988). However, "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." ***In re National Presto Industries***, 347 F.3d 662, 664 (7th Cir. 2003).

The parties do not dispute that venue is proper in this court or that the Western District of Tennessee may be an appropriate forum.  The focus of this dispute concerns which district is proper in light of the locations of the parties and witnesses, the availability of evidence, and the interests of justice.

The court gives great weight to the convenience of witnesses when deciding whether to transfer venue. ***Hanley v. Omarc, Inc.***, 6 F.Supp.2d 770, 775 (N.D. Ill. 1998) ("The convenience of witnesses is often viewed as the most important factor in the transfer balance.").  "Convenience considerations include the number of witnesses involved, travel distances and associated costs for these witnesses, the willingness of the witnesses to appear, or whether the witness is within the court's reach to compel appearance." ***Brotherhood Mutual Insurance Co. v. GuideOne Mutual Insurance Co.***, 2011 WL 1627114, *4 (N.D. Ind. April 28, 2011).  The party moving to transfer venue must demonstrate precisely who the witnesses are and why they are important so the

court may afford the appropriate weight to this factor. *Rose v. Franchetti*, 713 F.Supp. 1203, 1214 (N.D. Ill. 1989). Otherwise, this factor may be weighed only marginally, if at all, in favor of the moving party. *Rose*, 713 F.Supp. at 1214. It is insufficient for the moving party simply to state that a number of witnesses reside in or near the forum to which the party desires to have the case transferred without identifying the witnesses and their proposed testimony. See *Popovich v. Weingarten*, 2010 WL 4318798 (N.D. Ind. Oct. 25, 2010) (explaining that the moving party must identify the potential witnesses and their proposed testimony).

The convenience of both the parties and the witnesses appears to be equally distributed between the Northern District of Indiana and the Western District of Tennessee. Although SFI has pointed to several witnesses with knowledge of the matter who reside in Tennessee, including the vice presidents of sales and operations who made the decision to terminate the parties' agreement and the personnel who calculated Advance Products' commission, there are equally important witnesses within the subpoena power of this court.

The commissions in dispute arose from Advance Products' relationship with Electro-Motive, a company within this court's subpoena powers. Although SFI represents that it is in the

process of identifying representatives from the other accounts Advance Products serviced, two of which have manufacturing facilities in Tennessee, SFI has not identified who these witnesses are or where they are located. Therefore, the court cannot accurately assess the conveniences for these witnesses. *See* ***Rose***, 713 F.Supp. at 1214 (explaining that the moving party must identify who the witnesses are and the importance of their testimony). Furthermore, all of the Advance Products employees and directors are located near the Northern District of Indiana and their main contact to SFI is located significantly closer to this forum than the Western District of Tennessee. SFI also has members within the Northern District of Indiana. SFI has not demonstrated that the testimony of its personnel in Tennessee is more essential and plays a larger role in the dispute than Advance Products' personnel who entered and performed under the agreement. Because the witnesses essential to the dispute reside both within the subpoena power of this court and the Western District of Tennessee, and there is no clear distribution of witnesses in favor of the Western District of Tennessee, this factor becomes neutral in the court's analysis. *See* ***Rose***, 713 F.Supp. at 1214 (finding that this factor is neutral where the moving party fails to show evidence suggesting that the plaintiff would be less inconvenienced at the transferred venue).

The same is true with regard to the access to documents and sources of proof. Although the documents used to calculate commissions and those SFI maintained with regard to the parties' agreement may be located within the Western District of Tennessee, SFI has not shown that Advance Products does not have possession of any documents relevant to the dispute. To the contrary, Advance Products represents that it has documents relating to the parties' agreement, the subsequent breach, and the commissions it now alleges are due under the agreement. Evidence concerning Advance Products' relationship with Electro-Motive, the company from whom the commission was earned, also is located within or near the Northern District of Indiana. SFI has not identified the specific evidence that it argues is located in Tennessee or its relevance to the case and has failed to meet its burden to show that a significant amount of the evidence necessary for adjudication is located within the Western District of Tennessee. Rather, it is apparent that both SFI, within Tennessee, and Advance Products and Electro-Motive, located near the Northern District of Indiana, possess evidence related to the present dispute. Absent a more specific identification of the volume of documents SFI purports are present in Tennessee, the court cannot count this factor in favor of SFI.

The court also must take into consideration the situs of material events giving rise to the dispute. The decision to terminate the agreement was made in Tennessee, but the decision was based on acts that occurred in Illinois and during Advance Products' interactions with Electro-Motive. SFI is correct that the majority of the actions occurred outside of Indiana, both in Tennessee and Illinois, and that the only connection to Indiana is the residency of two of Advance Products' employees. However, the events that occurred in Illinois were carried out within a short distance from the Indiana courthouse. Therefore, this factor weighs in favor of transfer, but only marginally given the proximity of the events that occurred in Illinois to this district.

Finally, the court must consider the interests of justice, a broad category relating to the "efficient functioning of the courts, not to the merits of the underlying dispute." *Coffey v. Van Dorn Iron Works,* 796 F.2d 217, 221 (7th Cir. 1986). The court considers the congestion of the court dockets, the local interests, and the familiarity with governing law. *First National Bank*, 447 F.Supp.2d at 912; *Travel Supreme, Inc.*, 2007 WL 2962641 at *10.

The parties dispute which law governs their agreement, and their agreement does not have a choice of law clause to guide the

dispute. SFI argues that Tennessee law governs the dispute because the events giving rise to Advance Products' allegations occurred in Tennessee, namely the decision to terminate the agreement and to refuse to pay commissions. Advance Products, however, argues that Illinois law applies. In any case, courts are competent to interpret another state's laws that are not particularly complex. *Stanley v. Marion*, 2004 WL 1611074, *4-5 (N.D. Ill. July 16, 2004) ("[W]here the law in question is neither complex nor unsettled, the interests of justice remain neutral between competing courts.") (*citing* *Amoco Oil Co. v. Mobil Oil Corp.*, 90 F.Supp.2d 958, 962 (N.D. Ill. 2000) (noting that "contract law is not particularly complex" and is well within the comprehension of a foreign forum)). The court has yet to determine the appropriate state's laws to apply, and SFI has not demonstrated conclusively that Tennessee law governs the dispute. Should Illinois law govern the agreement, either court would be forced to interpret a foreign state's laws. And, even if Tennessee law applies, SFI has not demonstrated that the Tennessee contract law is so complex as to require transfer. *See* *Amoco*, 90 F.Supp.2d at 962 (explaining that contract law is not generally complex and that courts are often called upon to interpret the law of another forum). This court is competent to hear cases involving the application of another state's law, particu-

larly if the law is not complex. *Amoco*, 90 F.Supp.2d at 962; *Stanley*, 2004 WL 1611074 at *4-5. A foreign state's contract law generally is not regarded as so complex to require transfer absent a demonstration otherwise. *Amoco*, 90 F.Supp.2d at 962. Because it is not clear that Tennessee law applies, and the court does not have enough information before it to make the determination at this time, nor has SFI established that the applicable law is so complex to warrant transfer, SFI failed to meet its burden to show transfer is warranted under this element. This factor is neither weighed in favor or against transfer. *See Amoco*, 90 F.Supp.2d at 962 (explaining that when a court is asked to interpret foreign law that is not particularly complex, this factor is weighed neither for nor against transfer).

The congestion of the court dockets weighs marginally in favor of refusing transfer. The average time to resolve a matter through trial in the Northern District of Indiana is 23.9 months and 24.6 months in the Western District of Tennessee. The overall average time to resolve a dispute is 9.7 months in the Northern District of Indiana and 11.2 months in the Western District of Tennessee. Although this difference is minimal, it weighs in favor of refusing transfer.

Finally, SFI argues that Tennessee has a greater interest in the dispute than Indiana. Because the events that gave rise to

11

this case occurred predominately in Tennessee and Illinois, SFI is correct that Tennessee has a greater interest in the outcome of this case than Indiana, and the court weighs this factor in favor of transfer.

Overall, SFI has failed to demonstrate that transfer is justified.  Although SFI's employees reside in Tennessee, the Northern District of Indiana is more convenient for Advance Products' employees.  There are witnesses near both locations, and SFI has not convinced the court that the witnesses are predominately located near the Western District of Tennessee, nor has SFI explained the proposed testimony of these witnesses and why their testimony is essential to the matter.  Documents and proof are located within or near both districts.  If the court were to transfer the case, it would merely be a transfer of conveniences.  Advance Products and its evidence and witnesses are more conveniently located near the Northern District of Indiana, while SFI and its documents and witnesses reside in the Western District of Tennessee.  Because SFI bears the burden to show that the Western District of Tennessee is the more appropriate forum in light of these factors, and has not demonstrated that the Western District of Tennessee is more convenient for the majority of parties and witnesses involved, the Motion to Trans-

fer Venue to the Western District of Tennessee [DE 14] filed by the defendant, SFI of Tennessee, LLC, on June 8, 2011, is **DENIED.**

ENTERED this 23rd day of August, 2011

                                 s/ ANDREW P. RODOVICH
                                      United States Magistrate Judge